IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TINA BUBONOVICH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 19-1537 |
| ) | |
| STATE FARM MUTUAL ) | Judge Cathy Bissoon |
| AUTOMOBILE INSURANCE ) | |
| COMPANY, *et al.*, ) | |
| ) | |
| Defendants, ) | |

## MEMORANDUM AND ORDER

### I. MEMORANDUM

Defendant State Farm Mutual Automobile Insurance Company's Motion for Summary Judgment ("Def. MSJ," Doc. 18) will be granted. Plaintiff Tina Bubonovich's Motion for Summary Judgment ("Pl. MSJ," Doc. 21) will be denied. Moreover, because the parties have agreed that the only relevant named Defendant is Defendant State Farm Mutual Automobile Insurance Company, the claims against the other Defendants, "State Farm Fire and Casualty Company" and "State Farm," will be dismissed. See Plaintiff's Response in Opposition to Defendant's MSJ, Doc. 27 at 2; see also Joint Stipulation of Facts, hereinafter "Joint SOF," Doc. 17 at ¶¶ 22-23 indicating that "State Farm Fire and Casualty Company" did not issue any relevant insurance policies and that "State Farm" is not a proper legal entity.

**BACKGROUND**

The parties agree on the material facts of this case. Plaintiff was in a motor vehicle accident while driving her 2006 Scion xB in 2015. Joint SOF at ¶¶ 1-2. Plaintiff made a personal injury

6

claim against Kevin Kramer, the individual who struck Plaintiff's vehicle, and Mr. Kramer's insurance provider paid Plaintiff up to his policy's per person limits ($50,000.00). Id. at ¶¶ 3-7. At the time of her accident, Plaintiff was a named insured on an automobile insurance policy issued by Defendant State Farm Mutual Automobile Insurance Company, specifically Policy No. 457 0024-E15-38 (hereinafter "Plaintiff's State Farm Policy"), which insured her 2006 Scion xB. Id. at ¶ 8. Defendant paid Plaintiff the full per person policy limit for Underinsured Motorist (UIM) coverage under Plaintiff's State Farm Policy ($25,000.00). Id. at ¶ 11. Plaintiff's State Farm Policy included stacked UIM coverage with per person policy limits of $25,000.00. Id. at ¶ 12.

At the time of her accident, Plaintiff lived with her son, Nicholas Bubonovich. Id. at ¶¶ 10, 17. State Farm Mutual Automobile Insurance Company issued Policy No. 193 1330-B24-38 (hereinafter "Nicholas's State Farm Policy") to Nicolas Bubonovich with per person UIM policy limits of $100,000.00. Id. at ¶ 15. This policy covered a single motor vehicle and provided non-stacked UIM benefits. Id. at ¶¶ 18, 20. Nicholas Bubonovich executed a Stacking Waiver, for which provision is made in 75 Pa. C.S.A. §1738(d). Id. at ¶ 19.

Defendant denied Plaintiff's claim for additional UIM benefits under Nicholas's State Farm Policy due to the household vehicle exclusion that appears in the non-stacked underinsured motorist portion of the policy as well as the Stacking Waiver. Id. at ¶ 21.

## ANALYSIS

### A. Gallagher and the household vehicle exclusion do not control because there is a Stacking Waiver in this case

The parties debate the proper scope of Gallagher v. GEICO Indemnity Company, 201 A.2d 131 (Pa. 2019), a case in which the Pennsylvania Supreme Court examined "household vehicle exclusion" provisions vis-à-vis the waiver requirements for rejecting stacked coverage under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"). 75 Pa. C.S.A. §1738.

6

The Pennsylvania Supreme Court in Gallagher held that a "household vehicle exclusion" contained in a motor vehicle insurance policy violates the MVFRL because the exclusion "impermissibly acts as a *de facto* waiver of stacked uninsured and underinsured motorist ("UM" and "UIM," respectively) coverages." Gallagher, 201 A.3d at 132. In so doing, Pennsylvania Supreme Court determined that the MVFRL required a statutorily prescribed waiver rejecting stacked UM/UIM coverage. Gallagher, 201 A.3d at 137.

In this case, while it is true that Defendant refused Plaintiff's claim under a "household vehicle exclusion," more importantly, Defendant also refused Plaintiff's claim due to Nicholas Bubonovich's executed Stacking Waiver. Joint SOF at ¶ 21. The Court need not delve into the applicability of a provision constituting *de facto* waiver when parties agree that there is a relevant executed waiver in this case. As such, the applicability of Gallagher and the household vehicle exclusion will not be discussed further.

B.   **The facts of this case are indistinguishable from Craley**

The relevant Pennsylvania statutes and the decision of the Supreme Court of Pennsylvania in Craley v. State Farm Fire and Cas. Co., 895 A.2d 530 (Pa. 2006) control the Court's decision here. Where multiple insurance policies may be applicable, MVFRL provides as follows:

> (a) General rule. Where multiple policies apply, payment shall be made in the following order of priority:
>   (1) A policy covering a motor vehicle occupied by the injured person at the time of the accident.
>   (2) A policy covering a motor vehicle not involved in the accident with respect to which the injured person is an insured.

75 Pa. C.S. § 1733(a).

Consistent with the statute, therefore, Plaintiff must first recover under the insurance policy that covers the "motor vehicle occupied by the injured person at the time of the accident." That is, Plaintiff's State Farm Policy, Policy No. 457 0024-E15-38, which insured her 2006 Scion xB. She already has done so. Joint SOF at ¶¶ 8, 11. Next, Plaintiff may turn to recovering as "an insured,"

6

under a policy covering "a motor vehicle not involved in the accident."[1]  In the instant action, Plaintiff attempts to do so by recovering under Nicholas's State Farm Policy, Policy No. 193 1330-B24-38, which insured his 2003 Chevrolet Impala.  See Plaintiff's Response to Defendant's Concise Statement of Material Facts in Support of Defendant's Motion for Summary Judgment, hereinafter "Pl. Response to Def. SMF," Doc. 28 at ¶ 10.

However, Nicholas's State Farm Policy does not provide for inter-policy stacking benefits, and as such is not accessible to Plaintiff.  The parties agree that Nicholas's State Farm Policy provides for non-stacked UIM benefits for which Nicholas, as the named insured, executed a Stacking Waiver for UIM benefits coverage consistent with 75 Pa. C.S. § 1738(d)(2).  Pl. Response to Def. SMF at ¶ 11.  75 Pa C.S. § 1738(d)(2) states that "[t]he named insured shall be informed that he may exercise the waiver of the stacked limits of underinsured motorist coverage by signing the following written rejection form," and provides form language.  The Stacking Waiver executed by Nicholas contains the same form language in the statute.  See Exhibit E to Defendant's MSJ, which is a form entitled "Pennsylvania Stacked Underinsured Coverage Limits (Acknowledgement of Coverage Rejection)" executed by Nicholas Bubonovich, Doc. 18-6.  No party disputes its validity.  The parties also agree that Nicholas's State Farm Policy covered a single motor vehicle.  Pl. Response to Def. SMF at ¶ 10.  As such, in signing the Stacking waiver, one can reasonably infer that Nicholas knew that he was signing an inter-policy waiver, rather than an intra-policy waiver (which would only be possible if the subject policy covered multiple vehicles).

Given these facts, case law provides a clear answer.  Defendant correctly argues that

---

[1] "Insured," as defined by Nicholas's State Farm Policy includes "you and resident relatives," with "resident relatives" defined as "a person, other than you, who resides primarily with the first person shown as a named insured . . . and who is . . . related to that named insured or his or her spouse by blood, marriage, or adoption . . . and otherwise maintains his or her primary residence with that named insured . . . ."  See Exhibit 3 in Appendix to Concise Statement of Material Facts in Support of Plaintiff's MSJ, Doc. 24-3, "a true and correct copy of State Farm Insurance Policy No. 193 1330-B24-38 issued to Nicholas Bubonovich."

Plaintiff cannot recover under Nicholas's State Farm Policy, given the Pennsylvania Supreme Court's decision in Craley. In that case, Jayneann Craley was killed in a motor vehicle accident while operating her car, insured by State Farm, due to the negligence of an uninsured drunk driver. Her infant son and her mother-in-law were passengers and were injured in the accident. Jayneann's husband, Randall Craley, as the administrator of her estate and on Keith's behalf, and her mother-in-law on her own behalf, sought uninsured motorist benefits from State Farm under Jayneann's policy, which they received. Their claims exceeded the limits of the benefits of Jayneann's policy, so the Craleys sought uninsured motorist benefits under Randall Craley's motor vehicle policy, also insured under State Farm. Randall Craley's policy was for a single vehicle. Craley, 895 A.2d at 541-42. Randall had signed a waiver, entitled "Rejection of stacked uninsured motorist benefits," conforming to Section 1738(d) of the MVFRL. Id. at 533-34. There was some question as to whether Section 1738 permitted inter-policy stacking waiver, but the Pennsylvania Supreme Court found that it did. Id. at 536 ("we reject the premise that Section 1738 does not permit inter-policy stacking waiver"); see also Plaintiff's Brief in Support of Motion for Summary Judgment, hereinafter, "Pl. Brief ISO," Doc. 22 at 5-6 (even Plaintiff notes that the Court in Craley acknowledged the ambiguity in the MVFRL regarding inter-policy stacking waiver in the context of a single-vehicle policy, but ultimately found that inter-policy stacking could be waived). The Pennsylvania Supreme Court further determined that inter-policy stacking was properly waived under the facts of the case—finding that Randall had sufficient notice and that his waiver of inter-policy stacking was knowing, given that intra-policy stacking would be impossible with only one vehicle in the policy—and as such, the Craleys were not able to recover additional benefits under Randall's policy. Id. at 533-34, 541-42.

The relevant facts in Craley and the relevant facts in the instant case are indistinguishable. Plaintiff faces a similar situation as Jayneann's estate, in trying to recover under a family member's

6

single-vehicle insurance policy, for which that family member signed a waiver of stacking benefits. In Craley, Randall's waiver was for UM stacking benefits, whereas for Plaintiff, Nicholas's Stacking Waiver was for UIM benefits, a difference that makes no difference given the mirroring of the relevant sections of the statute.  Plaintiff points out another difference that makes no difference—that Jayneann's policy only provided non-stacked coverage, but Plaintiff pays for stacked UIM benefits under her policy.  Pl. Brief ISO at 10.  As Defendant correctly argues, the Pennsylvania Supreme Court focused on analyzing Randall's policy, not Jayneann's, and the details of Jayneann's coverage are only known because it was mentioned in passing in a footnote. 895 A.2d at 533, fn. 6; see also Defendant's Response in Opposition to Plaintiff's MSJ, Doc. 25 at 6.  Moreover, even Plaintiff concedes that pursuant to case law, Nicholas's policy is the one that matters ("[i]t is acknowledged that courts historically have looked only to the policy under which coverage is sought for the relevant policy provisions and waivers").  Pl. Brief ISO at 10.  Guided by the analysis in Craley ("[i]t is Randall's policy and its exclusions that are relevant to the legal issues presented in this case") and the application of Section 1733 of the MVFRL, the Court finds that the policy that matters in this case is Nicholas's State Farm Policy.  See 895 A.2d at 533.[2]

In sum, the policy that Plaintiff seeks to utilize, and the policy that is relevant to the Court's analysis, is Nicholas's State Farm Policy.  Nicholas signed a waiver of stacking benefits of UIM coverage.  Nicholas waived inter-policy stacking because Nicholas's policy covered only one

---

[2] Plaintiff, while citing no convincing case law in support, further argues that Plaintiff is entitled to benefits under Nicholas's State Farm Policy because she paid premiums for stacked UIM benefits on her single-vehicle insurance policy, which means the only stacking she was paying for was inter-policy stacking.  In other words, Plaintiff argues that without Nicholas's State Farm Policy to stack benefits on, she is paying for a premium she allegedly cannot use.  Pl. Brief ISO at 9-11.  Defendant answers this practical concern as well by way of example: if Plaintiff had been operating Nicholas's vehicle at the time of the subject accident, she would first be able to collect under his policy, then utilize the benefits for stacking under her own policy.  Defendant's Response in Opposition to Plaintiff's MSJ at 5-6.  Plaintiff essentially asks the Court to make an exception to Craley, and the Court finds no reason to do so.

vehicle. Therefore, Plaintiff cannot stack UIM benefits from this policy on top of the UIM benefits she received under her own policy.

## II. ORDER

Consistent with the foregoing, Defendant's Motion for Summary Judgment (**Doc. 18**) is **GRANTED** and Plaintiff's Motion for Summary Judgment (**Doc. 21**) is **DENIED**. The claims against Defendants "State Farm Fire and Casualty Company" and "State Farm" are dismissed.

IT IS SO ORDERED.

March 4, 2021                                                s\Cathy Bissoon
                                                             Cathy Bissoon
                                                             United States District Judge


cc (via ECF email notification):

All Counsel of Record